UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>   Plaintiff,<br><br>  vs.<br><br>N. CLARK, et al.,<br><br>   Defendants. | 1:15-cv-00207-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR REMAND BE DENIED<br>(Doc. 9.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I. BACKGROUND**

  This is a civil action filed by plaintiff Brian C. Applegate ("Plaintiff"), a state prisoner proceeding pro se.  This action was initiated by civil Complaint filed by Plaintiff in the Kings County Superior Court on December 1, 2014 (case #14C0325).  On February 4, 2015, defendants Robicheaux-Smith, Clark, Graves, and Caviness ("Defendants") removed the case to federal court by filing a Notice of Removal of Action under 28 U.S.C. § 1441(a).  (Doc. 1.)

  On February 23, 2015, Plaintiff filed a motion to remand this case to the Kings County Superior Court.  (Doc. 9.)  On March 17, 2015, Defendants filed an opposition to the motion.  (Doc. 10.)  Plaintiff has not filed a reply.

**II. REMOVAL AND REMAND**

  Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).

Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint, and a case is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quotations and citation omitted).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69 (1996). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

### *Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

### III. PLAINTIFF'S MOTION FOR REMAND

Plaintiff acknowledges that his Complaint asserts federal questions, but he argues that the core claims are state tort actions alleging interference with federal rights, for which the state court has primary jurisdiction. Plaintiff requests that the case be remanded back to state court to proceed pursuant to already-scheduled conference orders and Plaintiff's meet and confer demands already served upon the Attorney General and lodged with the state court. Plaintiff asserts that he did not allege federal claims against defendant Caviness, but only asserted state law claims of interference. Plaintiff argues that his state law claims substantially predominate over the federal claims, and he argues that if any of the claims should be removed, it should be only the federal claims.

Defendants state that they filed a notice of removal because Plaintiff's Complaint raised a federal question in asserting a claim under 42 U.S.C. § 1983 for violations of the First Amendment against all of the Defendants. Defendants assert that Plaintiff's Complaint specifically alleges a First Amendment violation for continuous denials of Kosher meals and services, and for preventing Plaintiff's participation in religious ceremonies against defendants Robicheaux-Smith, Graves, and Clark. (Doc. 1-1 Exh. A at 16-17.) Defendants also assert that Plaintiff concedes, in his motion for remand, that "the litigation does assert federal questions." (Doc. 9 at 1:24.) Defendants argue that removal is proper because Plaintiff's state and federal claims form the same case or controversy, and the court should exercise supplemental jurisdiction over the state claims because the federal and state claims are based on the same facts. Defendants note that five other cases are already pending within the jurisdiction of the federal court, based on claims related to Plaintiff's claims, including the same defendants and the same or similar incidents, and raising the same questions of law and fact.

///

## IV. DISCUSSION

As stated above, removal of an action under 28 U.S.C. § 1441(a) depends solely on the nature of the plaintiff's complaint. Gully, 299 U.S. at 112. The court has thoroughly reviewed Plaintiff's Complaint and finds multiple references to the First Amendment to the United States Constitution and the federal civil rights statute at 28 U.S.C. § 1983. (Doc. 1-1 at 2, 3, 5, 8 ¶27, 16.) Plaintiff titles his first cause of action "Civil Rights Violation 42 USC § 1983, Deprivation of Right to Religious Exercise in Violation of 1st Amendment US Constitution," alleging "deprivation under color of state law of rights, privileges and immunities guaranteed by the First Amendment of the United States Constitution." (Id. at 16.) This is sufficient to confer federal jurisdiction.

While "retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary" once judicial power exists under § 1367(a), Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997), the court may not exercise supplemental jurisdiction unless Plaintiff first has a cognizable claim for relief under federal law, see 28 U.S.C. § 1367. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)). Here, the court has yet to conduct its screening under 28 U.S.C. 1915A to determine whether Plaintiff's complaint states a cognizable federal claim. (Doc. 5.) Therefore, the court shall not decide at this stage of the proceedings whether to exercise supplemental jurisdiction.

Based on the foregoing, the nature of Plaintiff's Complaint on its face creates no doubt as to the right of removal in the first instance. The court finds that Plaintiff's Complaint plainly presents a claim arising under federal law to warrant subject matter jurisdiction, and therefore the instant action implicates a federal interest sufficient to sustain removal of the action to the federal court. Therefore, Plaintiff's motion for remand should be denied.

///

///

## V.     CONCLUSION AND RECOMMENDATIONS

The court finds that federal jurisdiction exists over Plaintiff's Complaint, and the action is removable.  Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand, filed on February 23, 2015, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 16, 2015**                              **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE